

**CORPORATION SERVICE COMPANY®**

**Notice of Service of Process**

**WCE / ALL**
**Transmittal Number: 14451686**
**Date Processed: 11/10/2015**

| | |
|---|---|
| Primary Contact: | Regina Boyd<br>Starbucks Corporation Legal Department<br>2401 Utah Ave. S., Suite 800<br>Seattle, WA 98134 |

| | |
|---|---|
| **Entity:** | Starbucks Corporation<br>Entity ID Number  0178010 |
| **Entity Served:** | Starbucks Corporation |
| **Title of Action:** | Matthew Girma vs. Starbucks Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Dekalb County State Court, Georgia |
| **Case/Reference No:** | 15A57644E6 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 11/09/2015 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Keith L. Lindsay<br>404-525-1080 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

No. _____

15A57644E6

**Date Summons Issued and E-Filed**
11/4/2015

_____
/s/ Michelle Cheek
_____
Deputy Clerk

Deposit Paid $ _____

[ ] JURY

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Matthew Girma, A Minor, By And
Through Parents And Next Friends,
Melaku Woldeselassie and Seble Brizo
And Melaku Woldeselassie and Seble
Brizo, Individually
_____

Plaintiff's name and address

**vs.**

Starbucks Corporation
40 Technology Parkway South, Suite 300
Norcrosss, GA 30092
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor,
Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia
30030 and serve upon the plaintiff's attorney, to wit:
Keith L. Lindsay
_____

**Name**
344 Woodward Avenue, SE, Atlanta, GA 30312
_____

**Address**
404-525-1080                                    452995
_____

**Phone Number**                                **Georgia Bar No.**

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after
service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint.

_____          _____
Defendant's Attorney                              Third Party Attorney

_____          _____
Address                                                    Address

_____          _____
Phone No.            Georgia Bar No.          Phone No.            Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability          Interest $ _____
☐ Other
                                                            Atty Fees $ _____

**To indicate consent to e-service check the box below**

☒(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for
service appears in the complaint.

E-file summons1-2013
STATE COURT OF
DEKALB COUNTY, GA
11/4/2015 3:23:18 PM
E-FILED
BY: Michelle Cheek

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

MATTHEW GIRMA, A MINOR, BY AND )
THROUGH PARENTS AND NEXT FRIENDS, )
MELAKU WOLDESELASSIE and SEBLE BRIZO )
AND MELAKU WOLDESELASSIE and )
SEBLE BRIZO, INDIVIDUALLY )               CIVIL ACTION
                                        )   FILE NO.   15A57644E6
                        PLAINTIFFS, )
VS. )
                                        )
STARBUCKS CORPORATION, )
KIVAUN HELENA PARRAWAY and )
JOHN DOE NO. 1 )
                                        )
                        DEFENDANTS. )
_____)

## COMPLAINT AND DEMAND FOR JURY

COME NOW, Plaintiffs, Matthew Girma, a minor, by and through his Parents and Next Friends Melaku Woldeselassie and Seble Brizo, and Melaku Woldeselassie and Seble Brizo, Individually, and file this Complaint, showing this Honorable Court the following:

### I.    PARTIES, JURISDICTION AND VENUE

1.

Matthew Girma, Melaku Woldeselassie and Seble Brizo are residents of DeKalb County, Georgia and are subject to the jurisdiction of this Court.

2.

Defendant Starbucks Corporation ("Starbucks") is a foreign corporation registered to do business in the state of Georgia, with the capacity to sue and be sued, which may be served through its registered agent, Corporation Service Company at 40 Technology Parkway South,

1

Suite 300, Norcross, Georgia 30092 in Gwinnett County, and is subject to the jurisdiction and venue of this Court.

3.

Defendant Kivaun Helena Parraway ("Defendant Parraway") is a resident of the State of Georgia. Defendant Parraway may be served with process at 280 Northern Avenue, Apartment 17L, Avondale Estate, DeKalb County, Georgia 30002 and is subject to the jurisdiction and venue of this Court.

4.

Defendant John Doe No. 1, upon information and belief, is a natural person residing in the State of Georgia and was at all times pertinent to this Complaint either an employee of Defendant Starbucks. The actual identity of John Doe 1 is at this time unknown to the Plaintiff but is known to the named Defendants. John Doe 1 is subject to the jurisdiction and venue of this Court and will be specifically identified by amendment once his identity has been ascertained through discovery and may be served with the Summons and Complaint as appropriate, via service at his residence, once determined.

5.

At all times relevant to Defendant Parraway was an employee and/or agent and/or ostensible agent of Starbucks. As such, Starbucks is liable for the negligent acts and omissions of Defendant Parraway, under theories of agency and respondeat superior.

6.

At all times relevant to John Doe No. 1 was an employee and/or agent and/or ostensible agent of Starbucks. As such, Starbucks is liable for the negligent acts and omissions of John Doe No. 1, under theories of agency and respondeat superior.

2

## II. FACTS

### 7.

Paragraphs 1 through 6 of Plaintiffs' Complaint are hereby realleged and incorporated as though fully set forth herein.

### 8.

On March 30, 2014, Plaintiffs Matthew Girma and Melaku Woldeselassie and their cousin were lawfully and rightfully on the premises of Defendant Starbucks, a restaurant which specializes in gourmet coffee beverages and related food products at 4294 Lawrenceville Highway, Tucker, Georgia 30084.

### 9.

Mr. Woldeselassie ordered two cups of coffee for him and his cousin and an apple juice for his four year old son, Matthew Girma ("Matthew").

### 10.

As Matthew stood near the counter holding his orange juice, the server, Defendant Parraway prepared the coffees and placed one of them on the counter.

### 11.

As Defendant Parraway reached for the apple juice, the coffee on the counter spilled over and onto Matthew's arm.

### 12.

Matthew, who was wearing a sweater screamed out in pain. His sweater was removed and revealed the skin on the inside of his forearm peeling from his arm.

3

13.

Mr. Woldeselassie rushed his son to the Emergency Room at DeKalb Medical Center where he was treated and released.

14.

Mr. Woldeselassie then returned to Starbucks to retrieve the sweater and to speak to the manager.

15.

Once there he was advised by the manager that perhaps Defendant Parraway was in a hurry, or the cup that spilled was not level at its base.

### III. LIABILITY

### A. NEGLIGENCE OF DEFENDANT PARRAWAY

16.

Paragraphs 1 through 15 of Plaintiffs' Complaint are hereby realleged and incorporated as though fully set forth herein.

17.

On March 30, 2014, Mr. Woldeselassie and his son, Matthew Girma were invitees at Starbucks.

18.

Defendant Parraway had a duty to exercise ordinary care not to cause Matthew Girma injury.

19.

This duty included a duty not to spill hot coffee on Matthew Girma or not to cause hot coffee to be spilled onto Matthew Girma.

4

20.

Because Defendant Parraway, was acting at all times within the scope of this agency or employment on behalf of Defendant Starbucks, Starbucks is liable for the negligent acts and/or omissions of Defendant Parraway under theories of agency and respondeat superior.

21.

As a direct and proximate result of Defendant Parraway's negligence, Matthew Girma's arm was scalded, he experienced tremendous physical and mental pain and suffering and is permanently scarred.

22.

As a direct and proximate result of Defendant Parraway's negligence, Melaku Woldeselassie and Seble Girma incurred medical; expenses for the treatment of their minor son.

**B.  NEGLIGENCE OF DEFENDANT JOHN DOE NO. 1**

23.

Paragraphs 1 through 21 of Plaintiffs' Complaint are hereby realleged and incorporated as though fully set forth herein.

24.

Defendant John Doe No. 1 was negligent in failing to properly monitor the temperature of the coffee being served and allowing Starbucks coffee to be served to Mr. Woldeselassie at an unreasonably hot level.

25.

Because John Doe No. 1 was acting at all times within the scope of his agency or employment on behalf of Defendant Starbucks, Starbucks is liable for the negligent acts and/or omissions of Defendant John Doe No. 1 under theories of agency and respondeat superior.

5

26.

As a direct and proximate result of Defendant John Doe No. 1's negligence, Matthew Girma was scalded, he experienced tremendous physical and mental pain and suffering and is permanently scarred.

27.

As a direct and proximate result of Defendant John Doe No. 1's negligence, Melaku Woldeselassie and Seble Girma incurred medical expenses for the treatment of their minor son.

## C. NEGLIGENCE OF DEFENDANT STARBUCKS

28.

Paragraphs 1 through 23 of Plaintiffs' Complaint are hereby realleged and incorporated as though fully set forth herein.

29.

Defendant Starbucks was negligent in that it committed the following acts of common law negligence:

a. In negligently failing to supervise its employee, Defendant Parraway in carrying out her duties;

b. In negligently failing to properly train Defendant Parraway in a safe and proper manner to avoid spilling hot beverages on its customers;

c. In negligently failing to properly train its employees in a safe and proper manner to serve patrons hot beverages at a reasonable and safe temperature; and

d. In negligently failing to monitor its product, which in this instance was heated to an unsafe level.

6

30.

As a direct and proximate result of Defendant Starbucks' negligence, Matthew Girma was scalded, he experienced tremendous physical and mental pain and suffering and is permanently scarred.

31.

As a direct and proximate result of Defendant Starbucks' negligence, Melaku Woldeselassie and Seble Brizo incurred medical expenses for the treatment of their minor son.

## IV.    DAMAGES

32.

Paragraphs 1 through 27 of Plaintiffs' Complaint are hereby realleged and incorporated as though fully set forth herein.

33.

As a proximate result of the Defendants' negligence, jointly and severally, Matthew Girma was scalded, he experienced tremendous physical and mental pain and suffering and is permanently scarred.

34.

As a proximate result of the Defendants' negligence, Melaku Woldeselassie and Seble Brizo incurred medical expenses for the treatment of their minor son.

**WHEREFORE**, the Plaintiffs prays that:

(a) Defendants be served as provided by law;

(b) That Plaintiff have a trial by jury;

(c) That judgment be entered in favor of the plaintiffs and against Defendants jointly and severally, in an amount in excess of $10,000.00 for damages for the injuries incurred by

Matthew Girma and the medical expenses incurred by Melaku Woldeselassie and Seble Brizo;

(d) That all costs be taxed against Defendants jointly and severally, including attorneys' fees; and

(e) That Plaintiff have all other relief as this Court deems just and proper.

This 4th day of November, 2015.

Respectfully submitted,

/s/Keith L. Lindsay
Keith L. Lindsay
State Bar No. 452995
Roderick E. Edmond
State Bar No. 239618
Tricia P. Hoffler
State Bar No. 666951
William J. Atkins
State Bar No. 027060

*Attorneys for Plaintiff*

**EDMOND, LINDSAY & HOFFLER, LLP**
344 Woodward Avenue, SE
Atlanta, Georgia 30312
T:  (404) 525-1080
F:  (404) 525-1073
drrod4u@edmondfirm.com
klindsay@edmondfirm.com
ckhoffler@edmondfirm.com
batkins@edmondfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
11/4/2015 3:23:18 PM
E-FILED
BY: Michelle Cheek

8

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| MATTHEW GIRMA, A MINOR, BY AND THROUGH PARENTS AND NEXT FRIENDS, MELAKU WOLDESELASSIE and SEBLE BRIZO AND MELAKU WOLDESELASSIE and SEBLE BRIZO, INDIVIDUALLY | ) ) ) ) ) ) | |
| PLAINTIFFS, | ) ) | CIVIL ACTION FILE NO.  15A57644E6 |
| VS. | ) ) | |
| STARBUCKS CORPORATION, KIVAUN HELENA PARRAWAY and JOHN DOE NO. 1 | ) ) ) ) | |
| DEFENDANTS. | ) ) ) | |

## PLAINTIFFS' FIRST CONTINUING REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STARBUCKS CORPORATION

**COME NOW** Plaintiffs, Matthew Girma, A Minor, By and Through Parents and Next Friends, Melaku Woldeselassie and Seble Brizo and Melaku Woldeselassie and Seble Brizo, Individually and pursuant to O.C.G.A. §§ 9-11-26 and 9-11-34, serve the following Request for Production of Documents and Things upon **STARBUCKS CORPORATION.** ("Defendant"). You are required to produce for inspection and copying, the documents and things requested herein to Plaintiff's attorneys at Edmond & Lindsay, LLP located at 344 Woodward Avenue, SE, Atlanta, Georgia 30312, at 10:00 a.m. on the 33rd day after service of this request, or on the next business day thereafter should the 33rd day fall on a weekend or legal holiday. In lieu of producing the original documents, you may produce a true, complete and legible copy of each document requested within thirty (30) days after service of this request.

1

## DEFINITIONS and GENERAL INSTRUCTIONS

The Definitions and General Instructions contained in Plaintiff's First Interrogatories to Defendant Starbucks Corporation, which interrogatories are being served on Defendant Starbucks Corporation contemporaneously with this First Request for Production of Documents, apply to and are incorporated herein by this reference, with the substitution of the phrase "Document Request(s)" for the word "Interrogator(ies)." Additionally:

1.     In responding to these requests, you must furnish all requested documents within your possession, custody, and/or control as well as the possession, custody, and/or control of your attorney, agent, employees, or anyone else acting on your behalf.

2.     If you object to a request, you still must produce all those documents that are responsive to the request that are not covered by such objection. By way of illustration, and objection to a request that seeks the production of documents, some of which might be considered privileged, does not relieve you of producing those responsive documents that are not arguably privileged.

3.     If you contend that any document requested to be produced for inspection and copying is protected from disclosure by virtue of a privilege, provide the following with respect to each such document:

    (a)    The type of each such document (e.g. letter, memoranda, e-mail, telegram, telefax, notes, or memoranda of telephone conversations, etc.);

    (b)    The date of each such document;

    (c)    The author of each such document;

2

(d)     The person to whom such document was directed;

(e)     The person who received a copy of each such document;

(f)     The general subject matter of each such document; and

(g)     The basis upon which you claim the privilege.

4.      Documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of your business.

5.      If any document which you would have produced in response to any request was, but is no longer, in your present possession or subject to your control or is no longer in existence, please state whether any such document is:  (a) missing or lost; (b) destroyed; (c) transferred to others;  or (d) otherwise disposed of.   In any such instance set forth the surrounding circumstances and any authorization for such disposition and state the approximate date of any such disposition, and, if known, state the present location and custodian of such document.

## REQUESTS

1.

All policies of insurance, including any excess insurance coverage, and contracts for indemnification which cover or may cover you for the acts set forth in Plaintiff's Complaint, including all endorsement sheets.

(a)     The name of the insurer and insured or the name of all parties thereto;

(b)     The effective date of the policy;

3

(c)     The monetary limits of the policy; and

(d)     The policy number.

2.

Any non-privileged incident reports, e-mails and/or written communications, pertaining to the incident of March 30, 2014 involving Matthew Girma from on or about March 30, 2014 through the present date.

3.

Any and all statements, (verbal, written and/or recorded) from any persons relating to any of the allegations contained in the Complaint and/or relating to any of the defense given by Defendant in his response to the Complaint.

4.

All policies and procedures in effect at  Starbucks stores, including but not limited to Store No. 13751 from on or about March 30, 2014 through and including the present date regarding:

(a)     temperatures at  which Starbucks hot coffee beverages are served;

(b)     temperatures at which Starbucks coffee is maintained in its stores;

(c)     documentation of those temperatures at which  coffee is maintained prior to being served;

(d)     serving coffee to customers accompanied by small children;

(e)     ensuing that lids are properly affixed to cups in which coffee is being served; and

4

  (f)  ensuring that bottoms of cups are sufficiently stable prior to placing cups on the counter to be served to customers; and

  (g)  job descriptions for any and all cashiers, servers or other employees at Starbucks Store No. 13751.

5.

All documents evidencing, relating to or reflecting any claim or lawsuit identified in response to Interrogatory No. 3 in Plaintiff's First Interrogatories to you. This request includes, but is not limited to, all pleadings, correspondence and notice to insurance carriers in any settlement pleadings or documents. In lieu of producing these documents, a listing of all applicable claims and lawsuits (stating style, attorneys' names and resolutions) may be substituted.

6.

The complete personnel files for the following employees of Starbucks at Store No. 13751:

(a) Kivaun Helena Parraway;

(b) Konjit Atnafu; and

(c) Greta Meier.

7.

Any and all documents reflecting any discipline or counselling rendered to Kivaun Helena Parraway as the result of the incident of March 30, 2014 involving Matthew Girma.

5

8.

Any employee handbooks, containing Starbucks policies and procedures in effect on March 30, 2014.

9.

All documents provided for review to any person you have identified as an expert witness expected to testify at trial in response to Plaintiff's First Interrogatories to you.

10.

All documents, records, and/or other writings relied upon, identified, or referred to in your response to Plaintiff's First Interrogatories to you.

11.

Any books, documents or tangible things upon which you intend to rely upon in the trial of this case.

12.

Any books, documents or tangible things upon which each expert expected to testify at trial relies upon in forming opinions in this matter.

13.

All documents that you or your attorneys receive pursuant to any subpoenas or third-party requests for production of documents that are served in connection with this action.

6

14.

Any and all photographs, videotapes, video surveillance films or other visual depictions of the interior or exterior of Starbucks Store No. 13751, for the time frame(s) when Matthew Girma and Melaku Woldeselassie were present in the store on March 30, 2014.

15.

Any and all charts, logs or documents of whatsoever kind reflecting the temperature at which coffee was being served at Starbucks on March 30, 2014.

16.

Any and all documents reflecting the results of any drug testing Kivaun Helena Parraway underwent during the course of your employment with Starbucks, including but not limited to the results of any drug test you underwent as the result of the incident complained of in this lawsuit.

This 4th day of November, 2015.

Respectfully submitted,

**EDMOND, LINDSAY & HOFFLER, LLP**

/s/ Keith L. Lindsay
Keith L. Lindsay
State Bar No. 452995
Roderick E. Edmond
State Bar No. 239618
Tricia P. Hoffler
State Bar No. 666951
William J. Atkins
Georgia Bar No. 027060

STATE COURT OF
DEKALB COUNTY, GA.
11/4/2015 3:23:18 PM
E-FILED
BY: Michelle Cheek

*Attorneys for Plaintiff*

7

344 Woodward Avenue, S.E.
Atlanta, Georgia 30312
(404) 525-1080 Telephone
(404) 525-1073 Facsimile
drrod4u@edmondfirm.com
klindsay@edmondfirm.com
ckhoffler@edmondfirm.com
batkins@edmondfirm.com

## IN THE STATE COURT OF DEKALB COUNTY

### STATE OF GEORGIA

MATTHEW GIRMA, A MINOR, BY AND )
THROUGH PARENTS AND NEXT FRIENDS, )
MELAKU WOLDESELASSIE and SEBLE BRIZO )
AND MELAKU WOLDESELASSIE and )
SEBLE BRIZO, INDIVIDUALLY )
                                          )   CIVIL ACTION
                       PLAINTIFFS,        )   FILE NO.
VS.                                       )            15A57644E6
                                          )
STARBUCKS CORPORATION,                    )
KIVAUN HELENA PARRAWAY and                )
JOHN DOE NO. 1                            )
                                          )
                       DEFENDANTS.        )
_____   )

### PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT STARBUCKS CORPORATION

**COME NOW** Plaintiffs, **Matthew Girma, A Minor, By and Through His Parents and next Friends, Melaku Woldeselassie and Seble Brizo and Melaku Woldeselassie and Seble Brizo,** Individually and, pursuant to O.C.G.A. § 9-11-36, serves the following First Request for Admissions upon Defendant **STARBUCKS CORPORATION** ("Defendant" or "You/Your"). You are hereby requested to admit the following facts or applications of law to fact, for the purposes of this action only:

1.

That Defendant Starbucks Corporation ("Starbucks") is a foreign corporation registered to do business in the state of Georgia.

2.

That at all times relevant to Defendant Parraway was an employee and/or agent and/or ostensible agent of Starbucks.

3.

That on March 30, 2014, Plaintiffs Matthew Girma and Melaku Woldeselassie were lawfully and rightfully on the premises of Defendant Starbucks at its Store No. 13752.

4.

That Starbucks Store No. 13752 is a restaurant which specializes in gourmet coffee beverages and related food products at 5201 Lavista Road in Tucker, Georgia.

5.

That Mr. Woldeselassie ordered two cups of coffee and an apple juice for his four year old son, Matthew Girma ("Matthew").

6.

That as Matthew stood near the counter holding his orange juice, Kivaun Helena Parraway ("Defendant Parraway") prepared the coffees and placed one of them on the counter.

7.

That as Defendant Parraway reached for the apple juice, the coffee on the counter spilled over and onto Matthew's arm.

8.

That Matthew Girma screamed out in pain.

2

9.

That Matthew Girma's sweater was removed and revealed the skin on the inside of his forearm peeling from his arm.

10.

That Mr. Woldeselassie left Starbucks and took his son to the Emergency Room at DeKalb Medical Center where he was treated and released.

9.

That Mr. Woldeselassie then returned to Starbucks to retrieve the sweater and to speak to the manager.

10.

That Mr. Woldeselassie was advised by the manager that perhaps Defendant Parraway was in a hurry, or the cup that spilled was not level at its base.

11.

That Defendant Parraway caused one of the cups of coffee to spill onto Matthew Girma's arm.

12.

That Defendant Parraway caused one of the cups of coffee to spill onto Matthew Girma's arm because she was hurried.

13.

That Defendant Parraway caused one of the cups of coffee to spill onto Matthew Girma's arm because she was careless.

3

14.

That Defendant Parraway caused one of the cups of coffee to spill onto Matthew Girma's arm because she failed to place the lid on the cup properly.

15.

That Defendant Parraway caused one of the cups of coffee to spill onto Matthew Girma's arm because she failed to make sure the cup was resting squarely on the counter.

16.

That Defendant Parraway had a duty to exercise ordinary care not to cause Matthew Girma injury.

17.

That this duty included a duty not to spill hot coffee on Matthew Girma or not to cause hot coffee to be spilled onto Matthew Girma.

18.

That there was videotaped surveillance of the area where coffee is served at Starbuck Store No. 13751.

19.

That Starbuck maintains policies as to the temperatures at which its hot coffee is to be brewed.

20.

That Starbuck maintains policies as to the temperatures at which its hot coffee is to be served.

4

21.

That the purpose such policy for the temperature at which its coffee is to be served to prevent customers from being scalded by coffee that is too hot to be safely consumed.

22.

That Starbucks policy required that temperature logs be maintained on the coffee it served at Store No. 13751.

23.

That temperature logs were maintained at Store No. 13751.

24.

That an incident report was prepared by one or more of the employees at Starbucks Store No. 17351 documenting the incident that occurred on March 30, 2014 involving Matthew Girma.

25.

That the incident report was prepared in the ordinary course of Starbucks' business.

26.

Venue is proper before this Court.

27.

This Court has jurisdiction over you.

28.

There is no insufficiency of process or of service of process as to you.

This 4th day of November, 2015.

5

Respectfully submitted,

**EDMOND, LINDSAY & HOFFLER, LLP**

/s/ Keith L. Lindsay

Keith L. Lindsay
Georgia Bar No. 452995
Roderick E. Edmond
Georgia Bar No. 239618
Tricia P. Hoffler
Georgia Bar No. 666951
William J. Atkins
Georgia Bar No. 027060

*Attorneys for Plaintiff*

344 Woodward Avenue, S.E.
Atlanta, Georgia 30312
(404) 525-1080 Telephone
(404) 525-1073 Facsimile
drrod4u@edmondfirm.com
klindsay@edmondfirm.com
ckhoffler@edmondfirm.com
batkins@edmondfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
11/4/2015 3:23:18 PM
E-FILED
BY: Michelle Cheek

6

**IN THE STATE COURT OF DEKALB COUNTY**

**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| MATTHEW GIRMA, A MINOR, BY AND THROUGH PARENTS AND NEXT FRIENDS, MELAKU WOLDESELASSIE and SEBLE BRIZO AND MELAKU WOLDESELASSIE and SEBLE BRIZO, INDIVIDUALLY | ) ) ) ) ) | |
|  | ) | CIVIL ACTION |
| PLAINTIFFS, | ) | FILE NO.   15A57644E6 |
| VS. | ) | |
|  | ) | |
| STARBUCKS CORPORATION, KIVAUN HELENA PARRAWAY and JOHN DOE NO. 1 | ) ) ) | |
|  | ) | |
| DEFENDANTS. | ) | |
|  | ) | |

## PLAINTIFFS' FIRST CONTINUING INTERROGATORIES TO DEFENDANT STARBUCKS CORPORATION

**COME NOW** Plaintiffs, **Matthew Girma, A Minor, By and Through His Parents and next Friends, Melaku Woldeselassie and Seble Brizo and Melaku Woldeselassie and Seble Brizo,** Individually and, pursuant to O.C.G.A. § 9-11-26 and 9-11-33, requires that Defendant Starbucks Corporation, ("Defendant") answer under oath and in writing the following interrogatories, on the 46th day after service of this request, or on the next business day thereafter should the 46th day fall on a weekend or legal holiday, and that a copy of the answers be furnished to Plaintiff's attorneys at Edmond, Lindsay & Hoffler, LLP, located at 344 Woodward Avenue, S.E., Atlanta, GA 30312.

## DEFINITIONS

1.    The terms "you," "your," "Defendant" or any synonym thereof, is intended to and Starbucks Corporation, its representatives, attorneys and others who are in a position of or may

1

have obtained information for or on behalf of Defendant.

2.     Identify (with respect to persons).   When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, relationship to Defendant, and when referring to a natural person include the person(s) present or last known place of employment.

3.     Identify (with respect to documents).   "Identify" or "state the identity of," when used with respect to a document, means state its date; the identity of each author and each addressee; the type of document (e.g., letter); its present or last known location and identity of each person responsible for its custody, possession, and control; and, if the document was, but no longer is, in your custody, possession, or control, what disposition was made of it and when.

4.     Identify (with respect to communications).   "Identify" or "state the identity of," when used with respect to a communication or contract, means state the date of such communication or contract; state whether the communication or contract was oral or written; identify each document which in any way concerns, relates, or refers to the communication or contract; and identify each person or persons who sent, received, or had knowledge of the communication.

5.     "State," "describe," or "explain," when used with respect to a fact, event, or allegation, means provide the complete and full details concerning such fact, event, or allegation, including the identity of all documents that reflect, refer, relate, evidence, or pertain in any way to such fact, event, or allegation.

6.     As used herein, the word "document(s)" shall include all materials and tangible objects conveying or carrying spoken, visual, or literal substance, and shall refer to, but is not

2

limited to, the original and any non-identical copy, regardless of origin or location, of the following: correspondence, records, tables, charts, plats, analyses, graphs, schedules, reports, memoranda, journals, notes, logs, diaries, calendars, appointment books, letters, telegrams, messages (including but not limited to, reports of telephone conversations and conferences), studies, directives, books, periodicals, magazines, newspapers, booklets, circulars, advertisements, brochures, bulletins, instructions, minutes, electronic mail, other communications (including but not limited to, inter and intra office communications), contracts, books of account, orders, invoices, statements, checks, bills, files, vouchers, notebooks, scrapbooks, data sheets, data processing cards, computer print-outs, photographs, photographic negatives, phono-records, tape recordings (both audio and video), wire recordings, drawings, forms, catalogues, manuals, blueprints, tracings, tabulations, and any other matter of any kind, regardless of the manner in which produced, whether handwritten, typed, printed, or produced by any other process. The documents requested shall include all marked copies.

7.      The term "person(s)" is defined as any natural person, firm, proprietorship, association, partnership, corporation, or any business, legal, governmental entity, or association.

8.      "Identify all information" shall mean (a) to describe in detail sufficient to communicate the information given, all the facts, inferences, and conclusions known to or believed by you concerning the subject matter of the Interrogatory; (b) to identify the documents concerning the subject matter; and (c) to identify persons with knowledge of the matter set forth in your response.

9.      "Address" shall mean street and street number, office or suite number, city or town, state and zip code.

3

## GENERAL INSTRUCTIONS

1.      Where your knowledge or information is requested, such request shall also include the knowledge of your representatives and agents and, unless privileged, your attorney(s).

2.      If you assert a privilege as grounds for refusal to answer any interrogatory set forth herein, please name the privilege asserted and explain the grounds upon which said privilege is based.

3.      If you object to any interrogatory set forth herein, please state the grounds of the objection with sufficient specificity to permit determination of the basis for such objection.

4.      The requests contained herein are continuing in character so as to require you to file supplemental responses upon receipt of further or different information and this General Instruction shall serve as a request for such supplementation within a reasonable time after receipt of such information and before any hearing or trial on the merits.

5.      The use of the singular form of any word includes the plural and vice versa.

## INTERROGATORIES

1.

Please state the full and complete name, title and address of each and every person providing information necessary to respond to these interrogatories.

2.

If you have ever been a party to any type of legal action, then please describe each such occasion, including the names of all parties involved, the court and file number of any such

4

action, the result or disposition of any such action, and a general description of the nature of the legal action.

3.

If you have ever been a party to any type of claim for personal injury due to a customer or customer's companion was burned by a hot beverage served by a Starbucks employee, then please describe each such occasion, including the names of all parties involved, the result or disposition of any such claim, and a general description of the nature of the claim.

4.

Please state the name and last known address and telephone number of each and every person who you believe may have knowledge relevant to the allegations contained in the complaint.

5.

Please state the name and last known address and telephone number of each and every witness you intend to call as an expert at the trial of this matter, and as to each such person please provide the information required by O.C.G.A. § 9-11-26.

6.

Please state the name, title and last known address and telephone number of each and every person employed by you at Starbucks Store No. 13751 located at 5201 Lavista Road, Tucker Georgia on March 30, 2014.

7.

Please identify each and every person you believe to have been witnesses to or have any knowledge regarding the incident at Starbucks Store No. 13751 in which Matthew Girma sustained burns to his arm.

5

8.

Please identify each and every employee of Starbucks who was present at Starbucks Store No. 13751 in when Matthew Girma sustained burns to his arm, including but not limited to any employee or employees whose responsibility it was to monitor and/or log the temperature of coffee being served by Starbucks.

9.

If you or anyone acting on your behalf has obtained any kind of statement (verbal, written and/or recorded) from any person relating to any of the allegations contained in the complaint, then please state the name, title and last known address and telephone number of each and every person from whom you have obtained any such statement, the date that any such statement was obtained, the name, title and last known address and telephone number of the person to whom the statement was given and the identity of any and all persons who are in possession of a copy of any such statement.

10.

For each and every policy of insurance, including umbrella and excess insurance policies, that may provide coverage to you for the allegations contained in the complaint, then please state the name of each and every insurance company, the policy number for each and every insurance policy, the named insureds on each and every insurance policy, and the limits of insurance available under each and every insurance policy.

11.

Please describe in full and complete detail the nature of any and all relationships (contractual or otherwise) that existed between you and Helena Kivaun Parraway including identifying any policies, procedures, rules or regulations as to how any such

6

relationship should be conducted, as well as identification of each and every document, record or other writing that describes any such relationship or any such rules, regulations, policies or procedures.

12.

Please identify each and every policy, procedure and/or protocol (whether written or unwritten) in effect for Starbucks that concerns or relates to any of the following:

      (a)     Temperatures at which Starbucks hot coffee beverages are served;

      (b)     Temperatures at which Starbucks coffee is maintained in its stores;

      (c)     Documentation of those temperatures at which coffee is maintained prior to being served;

      (d)     Serving coffee to customers accompanied by small children;

      (e)     Employees ensuing that lids are properly affixed to cups in which coffee is being served;

      (f)     Employees ensuring that bottoms of cups are sufficiently stable prior to placing cups on the counter to be served to customers;

      (g)     Job descriptions for any and all cashiers, servers or other employees at Starbucks Store No. 13751; and

      (h)     Drug and/or alcohol testing of employees after an injury in the workplace.

13.

Please identify each and every record, document or other writing in your possession that relates to:

    (a) The incident on March 30, 2014 at Starbucks Store No. 13751 wherein Matthew Girma was burned;

7

(b) The temperature at which hot coffee beverages at Starbucks Store No. 13751 were being served on March 30, 2014;

(c) Any employee counselling, discipline or communication with Kivaun Helena Parraway related to the event of March 30, 204 in which Matthew Girma was burned;

(d) Any discipline or counselling received by Kivaun Helena Parraway in connection with her employment with Starbucks;

(e) The identity of John Doe No. 1;

(f) How Starbucks' employees are to respond to complaints of customer burns from hot coffee; and

(g) Any drug and/or alcohol testing performed on Kivaun Helena Parraway.

14.

Please state the substance of all conversations you, your agents, or ostensible agents had with the Plaintiffs regarding the incident that is the subject matter of this lawsuit.

15.

Please state all factors/events you believe caused or contributed to the cause of Matthew Girma's injuries.

16.

Please list every action or inaction you or your employees engaged in to prevent the incident that is the subject of this lawsuit.

17.

Do you contend that Mathew Girma, either by his acts or omissions, in any way caused, contributed to, or assumed the risk of his alleged injuries? If so, please state each and every fact upon which you base your contention(s), and in doing so, please detail how each act or omission caused or contributed to the alleged incident.

18.

Do you contend that Melaku Woldeselassie, either by his acts or omissions, in any way caused, contributed to, or assumed the risk of his alleged injuries? If so, please state each and every fact upon which you base your contention(s), and in doing so, please detail how each act or omission caused or contributed to the alleged incident.

19.

Do you contend that any third party, either, by his or her acts or omissions, in any way caused, contributed to, or assumed the risk of his alleged injuries? If so, please state each and every fact upon which you base your contention(s), and in doing so, please detail how each act or omission caused or contributed to the alleged incident.

20.

Please state each and every fact and identify each and every document that supports each and every defense asserted in the answer filed on your behalf in response to the complaint.

21.

Please state each and every fact and identify each and every document upon which you base any denials contained in the answer filed on your behalf in response to the complaint.

22.

Please state each and every fact and identify each and every document upon which you base any denial (i.e., anything other than an unequivocal admission) to any of plaintiff's first request for admissions to defendants.

23.

Please state whether Kivaun Helena Parraway was subjected to a drug and/or alcohol test after Matthew Girma was burned with hot coffee that had been served by her. If yes, please state

(a)  Whether she tested positive for drugs and/or alcohol; and

(b)  For what substance she tested positive.

This 4th day of November, 2015.

Respectfully submitted,

**EDMOND, LINDSAY & HOFFLER, LLP**

/s/ Keith L. Lindsay
Roderick E. Edmond
Georgia Bar No. 239618
Keith L. Lindsay
Georgia Bar No. 452995
Tricia P. Hoffler
Georgia Bar No. 666951
William J. Atkins
Georgia Bar No. 027060
*Attorneys for Plaintiff*

344 Woodward Avenue, S.E.
Atlanta, Georgia 30312
(404) 525-1080 Telephone
(404) 525-1073 Facsimile
drrod4u@edmondfirm.com
klindsay@edmondfirm.com
ckhoffler@edmondfirm.com
batkins@edmondfirm.com

STATE COURT OF
DEKALB COUNTY, GA.
11/4/2015 3:23:18 PM
E-FILED
BY: Michelle Cheek

10