# Melaku Woldeselassie and Seble Brizo, Individually, and as Next Friend of Matthew Girma

## v.

## Starbucks Coffee Company



## PRESUIT OFFER OF SETTLEMENT

**Presented to:**

Ms. Karen Kasselman

Sedgwick

PO Box 14498

Lexington, KY  40512-4498

**Prepared by:**

Edmond, Lindsay & Hoffler, LLP

# TABLE OF CONTENTS

INTRODUCTION ........................................................................ Page 1

FACTS ....................................................................................... Page 2

LIABILITY................................................................................ Page 3

INJURIES .............................................................................Pages 4-6

DAMAGES................................................................................ Page 7

DEMAND................................................................................... Page 8

CONCLUSION........................................................................... Page 9

EXHIBITS ................................................................................ Page 10

Exhibit A: Photographs of Matthew Girma's arm-post injury

Exhibit B: Photographs of Matthew Girma's arm-permanency

Exhibit C: Medical Records:

1. DeKalb Medical Center

2. United Pediatrics

3. Children's Healthcare of Atlanta

4. Grady Health System: Burn Center

5. Meadow Pediatrics

Exhibit D: Medical Bills from above Medical Providers

Exhibit E: Prescription Receipts

Exhibit F: Plastikos Independent Medical Evaluation

**OFFER OF SETTLEMENT**                                                    Page 1

## INTRODUCTION
## CONFIDENTIAL OFFER TO COMPROMISE CLAIM

As you know, this firm represents Seble Brizo, Melaku Woldeselassie, and their minor son, Matthew Girma in connection with their claims of negligence against Starbucks Coffee Company ("Starbucks") and it's employee, Kivaun Helena Parraway. They allege that on March 30, 2014, Ms. Parraway, while serving Mr. Woldeselassie negligently caused scalding hot coffee to spill onto his 4 year old son, Matthew's arm, resulting in his suffering severe second degree burns to his arm.

As a result of Ms. Parraway's negligence, young Matthew experienced great physical pain and suffering, as well as emotional pain and suffering which continues to this day. Moreover, he has sustained a permanent and disfiguring injury to his arm. His parents, Mrs. Brizo and Mr. Woldeselassie have incurred medical expenses for the medical treatment of their son's injuries and for his physical therapy.

The purpose of this communication is to provide Defendants, their counsel and their insurer with the necessary information to evaluate the settlement value of this case, which we view as one of clear liability against the Defendants.

This offer to compromise is made pursuant to O.C.G.A. § 24-3-37 which provides: "...admissions or propositions made with a view to a compromise are not proper evidence." It is made in that light and is not made as an "admission against interest" and is, therefore, inadmissible as evidence in this litigation. Thus, there is a distinction between this offer to compromise and an admission against interest. See, Charter Mortgage Company v. Ahouse, 165 Ga. App. 497 (1983), citing with approval, Teasley v. Bradley, 96 Ga. App. 540 (1957).

**OFFER OF SETTLEMENT**                                          Page 2

This letter is submitted solely for the purpose of engaging in settlement negotia-
tions and may not be used for any other purpose.

## FACTS

On the afternoon of Sunday, March 30, 2014, Melaku Woldeselassie, his son,
Matthew ("Matty") and his cousin, Negedo, were on their way to a soccer game after
church. They decided to stop at the Starbucks located at 5201 Lavista Road in Tucker,
Georgia. Little did Mr. Woldeselassie realize that they would leave the coffee shop
with his young son in excruciating pain due to having been scalded by hot coffee, and
bearing a permanent reminder of the negligence of the Starbucks employee who was
responsible.

After entering Starbucks, Mr. Woldeselassie ordered two coffees and an apple
juice for his son. While Matty stood at the counter holding the apple juice, the server,
who we understand to be Kivaun Helena Parraway prepared the coffees and set one of
them on the counter. As she reached for the apple juice, the coffee cup turned over,
spilling onto Matty's right arm.

Matty, who was wearing a sweater screamed out in pain. His sweater was re-
moved and revealed the skin on the inside of his forearm peeling off of his arm. The
injury is graphically depicted in the attached exhibits ("A", Photographs of Matthew's
burns on date of injury).

Mr. Woldeselassie called 911. However, rather than wait for an ambulance, Mr.
Woldeselassie elected to rush his son to the emergency room at DeKalb Medical Cen-
ter so there would be no delay in his receiving medical attention.

After Matty was treated and released, Mr. Woldeselassie returned to Starbucks
to retrieve his son's sweater and to speak with the manager. The manager suggested to
Mr. Woldeselassie that perhaps the cashier was in a hurry or the cup that spilled onto
Matty's arm was not solid at its base, but, rather was crooked at the bottom. The serv-
er, apologized to Mr. Woldeselassie and he left Starbucks.

**OFFER OF SETTLEMENT**                                        Page 3

## LIABILITY OF KIVAUN PARRAWAY AND STARBUCKS

Ms. Parraway has a duty to Starbucks' customers to serve the coffee ordered by them in a manner such that when setting the coffee cup down, it will not spill onto those customers, dousing their body parts with scalding hot liquid.

Regardless of whether Ms. Parraway set the coffee down hurriedly, knocked it over as she reached for Matty's apple juice, or she failed to notice the bottom of the cup was uneven, there can be no reasonable dispute that she was negligent. Nor can there be any reasonable dispute that her negligence caused Matthew's serious and permanent injury.

Starbucks is liable for the negligent acts and omissions of it's employee, and further may have independent liability for it's failure to properly train and/or super-vise Ms. Parraway with respect to serving hot coffee to its customers, and/or ensuring that when she sets down a cup of coffee that the cup will not tip  over  due to defects on the bottom of the cup.

**OFFER OF SETTLEMENT**                                          Page 4

## <u>INJURIES</u>

Matthew Girma has sustained significant physical, psychological and emotional damage as the result of the negligence of Ms. Parraway.

At the time the coffee was first spilled on Matty, the pain caused by the coffee was excruciating. This will come as no surprise to a jury as it views the photographs reflecting the skin having been peeled from his arm at Starbucks and thereafter.

Everyone has at some time experienced the pain of being burned, but few have been scalded as was Matty. Further, not only has he had to endure the pain suffered at the time he was burned and thereafter, but also the pain of being permanently scarred.

Further, when Matty presented to the emergency department at DeKalb Medical Center, the treating physician noted that he "has extreme pain." The Post Discharge documentation reflects his having a pain score of 10/10 (Ex. C-1, DMC Medical Records).

The assessment was that he had sustained a partial superficial thickness burn to his right forearm. He was treated with Silvadine dressing and ibuprofen.

In order to treat Matty's pain moving forward, his father was given a prescription for Acetaminophen with Codeine Elixir (Tylenol with Codeine), and instructed on the medications. A dressing was applied to the wound and Matty was discharged to follow up with his pediatrician.

The Acetaminophen with Codeine Elixir was filled by his parents that evening and the following day his parents filled the prescription for Silvadine 1% Cream (Ex. "E", Prescription Receipts).

**OFFER OF SETTLEMENT**                                    Page 5

The following day, Matty was taken by his parents to United Pediatrics. There, the appearance of his right arm was described by the treating physician, Tayaba Fatema as excoriation. The burn area was noted to be about 4-5 inches and described as a ***second degree burn***. The skin around the burn area was noted to have some blistering, and the color was red and denuded. The size of the burn was large, with 4-5 inches of the burn above the cubital fossa and up to his mid arm. The skin to his right forearm was noted to be red and raw with yellow drainage. The borders of the burn were jagged and the shape of it was raised. The characteristic of the burn were noted to be indurated, i.e. abnormally hard, painful and with serous fluid (Ex. "C-2", Medical Records from United Pediatrics). Matty's parents received wound care instructions and he was discharged with instructions to go to Scottish Rite if Matty experienced more pain and swelling. Clearly, the burn was more serious than initially thought in the DeKalb Medical Center emergency room.

Matty's pain continued and on April 1, 2014 Matty was taken to Children's Healthcare of Atlanta at Scottish Rite in accordance with Dr. Fatema's instructions. Mrs. Brizo advised of needing to change the dressing and her child's complaints about his arm. When the dressing was removed, his arm was noted to be red and raw with yellow drainage. His dressing was changed and during that his pain scale was 10/10.

Matty was discharged and his mother was given a prescription for Hydrocodone-Acetaminophen for severe pain. She was also instructed to continue giving him the Tylenol-Codeine elixir and ibuprofen. The Hydrocodone-Acetaminophen prescription was filled that day.

Moreover, Dr. Shervin, the attending physician who treated Matty referred him to the Burn Clinic at Grady Health System for continued care of the second degree burn.

**OFFER OF SETTLEMENT**

Page 6

Matty was first brought to Grady Health System on April 4, 2014. He was treated there for a to occupational therapy. His parents were told to apply cocoa butter to the healing wound to reduce scarring and they complied with this instruction.  His range of motion continued second degree burn to his anterior right  arm. And on April 10, 2014, was referred to be limited by severe pain (Ex. "C-4" Records from Grady Health System).

On May 1, 2014, Matty was taken to occupational therapy. His parents had been performing daily dressing changes as instructed hoping to reduce the chance of permanent scarring. A burn assessment was performed and the burn area was noted to have hypopigmentation, and was pink, reflecting hyperemia. He was measured for a pressure garment.

After his third visit, Matty was discharged from occupational therapy. The appearance of his arm was noted as both hypopigmented and hyperpigmented, as it remains  to this day. The permanent change in his pigmentation is reflected in the photographs attached as (Ex. "B").

His parents have obtained an evaluation of the scar at Plastikos Plastic and Reconstructive Surgery. As you will note from the attached report, Dr. Gordon has advised Matty's parents that interventions will not improve the areas of hypo and hyper-pigmentation and his disfigurement is  something he will have to live with for the rest of his life (Ex. "F").

In addition to the physical pain Matty suffered  at the time he was scalded by the Starbucks employee, this injury has also had and will have psychological consequences for this young child. As his pediatrician noted in July, Matty becomes very upset if he has to appear anywhere with the  scar exposed either without his sleeve, or in a short sleeve shirt. It troubles him to have anyone  see the scar or ask him about it. While his parents have considered some psychological counseling, they have elected to wait and see how he adapts to his anxieties about the scar (Exhibit C-5, Medical Records from Meadow Pediatrics).

**OFFER OF SETTLEMENT**                                      Page 7

## DAMAGES

The damages in this case break down to noneconomic damages on behalf of Matty and economic damages in the form of medical expenses incurred by his parents.

The physical, psychological plan and suffering incurred by Matty is well documented in his medical records and will be described in great detail at trial in the event a lawsuit must be filed. The value of this pain and suffering as well as the disfigurement caused by Starbucks' employee's negligence will be left to the enlightened conscious of a jury. It is inconceivable that they will not seek to fully compensate Matthew for the many years he faces ahead of him being reminded of the permanent scar caused by Starbucks' and it's employee's negligence.

The medical expenses incurred by Matty's parents, to date are set forth below and are attached as Exhibit "D":

| | |
|---|---|
| DeKalb Medical Center | $652.90 |
| Children's Healthcare of Atlanta (Scottish Rite) | $1,230.25 |
| United Pediatrics | $70.00 |
| Grady Health System (Burn Clinic) | $2,492.31 |
| Meadow Pediatrics | $189.70 |
| Prescriptions/Medical Supplies | $223.00 |
| **TOTAL** | **$4,858.16** |

**OFFER OF SETTLEMENT**                                    Page 8

## DEMAND

This demand takes into account the potential risks at trial as well as our belief that a jury will find Matty to be a cute, friendly and likable young boy who did not deserve to suffer the physical pain of having scalding hot coffee poured upon him or to be permanently disfigured due to the carelessness exhibited by Starbucks' employee. A DeKalb County jury will be able to put themselves not only into Matty's shoes, but also into the shoes of his parents and understand the sadness and helplessness his parents feel as Matty continues to wrestle with the psychological pain that comes with his disfiguring injury. They will wish to hold Starbucks fully accountable for this incident and for the permanent scarring of Matty.

The case will be filed in the State Court of DeKalb County. DeKalb County is a Plaintiff friendly venue, and its juries are not afraid to render significant verdicts.

With this in mind, on behalf of their minor son Matty, Mr. Woldeselassie and Mrs. Brizo have authorized a settlement demand in the amount of FOUR HUNDRED FIFTY THOUSAND AND 00/100 DOLLARS ($450,000.00) for Matty's permanent and disfiguring injury, his pain and suffering and for the ongoing psychological and emotional effects of having been branded for life by the negligence of Starbucks and it's employee. This amount includes $4,858.16 for the medical expenses they have incurred.

**OFFER OF SETTLEMENT**                                    Page 9

## <u>Conclusion</u>

The Plaintiffs hope that the presentation of this demand will form a basis for the commencement of productive settlement discussions undertaken in good faith, with the recognition of the risks present on both sides. If this case goes to trial and a DeKalb County jury finds for Matty, the jury will want to compensate this family for the pain and disfigurement Matty has experienced. We look forward to the response of the defendants and to moving forward with fruitful settlement discussions.